THE BRUALDI LAW FIRM, P.C.
Richard Brualdi (RB-1304)
Gaitri Boodhoo  (GB-0643)
29 Broadway, Suite 2400
New York, New York 10006
Tel*:* (212) 952-0602
Fax:  (212) 952-0608

SAXENA WHITE P.A
Maya Saxena
Joseph E. White III
Christopher S. Jones
2424 North Federal Highway
Suite 257
Boca Raton, FL 33431
Tel: 561.394.3399
Fax: 561.394.3082
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OPERATIVE PLASTERERS & CEMENT MASONS LOCAL 262 PENSION AND ANNUITY FUNDS, Derivatively On Behalf of Nominal Defendant MERRILL LYNCH & CO., INC., <br><br>Plaintiff, <br><br>vs. <br><br>E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, JEFFREY N. EDWARDS, CAROL T. CHRIST, ARMANDO D. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O ROSOTTI, <br><br>Defendants, <br><br>and <br><br>MERRILL LYNCH & CO., INC., <br><br>Nominal Defendant. | CASE NO. 07-CV-11085 <br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REMAND** |

Plaintiff Operative Plasterers & Cement Masons Local 262 Pension and Annuity Funds ("Plaintiff") respectfully requests this Court remand the above-referenced action to the Supreme Court of the State of New York, and for an award of attorney's fees and costs incurred as a result of the removal.

## I. STATEMENT OF FACTS

This case is a shareholder derivative action brought for the benefit of Nominal Defendant Merrill Lynch against certain members of the Company's Board of Directors and certain of its executive officers and directors seeking to remedy Defendants' violations of New York state law, including breaches of fiduciary duties owed to the Company (the "State Action"). The State Action was commenced on November 21, 2007 when Plaintiff filed a complaint (the "Complaint") in the Supreme Court of the State of New York, County of New York, asserting New York law claims for breach of fiduciary duty, gross mismanagement, contribution and indemnification, abuse of control, waste of corporate assets, and aiding and abetting breach of fiduciary duty during the period February 26, 2007 through October 24, 2007. The Complaint does not assert any federal law claims.

On October 30, 2007, November 6, 2007 and December 4, 2007, three separate federal securities class actions were filed in the United States District Court for the Southern District of New York against Merrill Lynch and certain of the Company's officers and/or directors alleging violations of the federal securities laws (collectively, the "Federal Securities Actions"). In addition, on November 1, 2007 and November 8, 2007, two shareholder derivative actions were filed in the Southern District of New York based on the same allegations as the Federal Securities Actions (collectively, the "Federal Derivative Actions"). Finally, various class actions have been filed in the Southern District of New York asserting violations of the Employee

1

Retirement Income Security Act ("ERISA") arising out of the same allegations as the Federal Securities Actions and the Federal Derivative Actions (collectively, the "ERISA Actions") (collectively, the Federal Securities Actions, the Federal Derivative Actions, and the ERISA Actions are referred to herein as the "Federal Actions").

On December 7, 2007, Defendants filed a notice of removal removing the State Action to the Southern District of New York. Defendants claim that the State Action is removable under 28 U.S.C. §§ 1331 and 1441. For the reasons set forth below, the claims asserted in the State Action do not arise under the laws of the United States, and the State Action should be remanded to the Supreme Court of the State of New York.

## II.    ARGUMENT

### A.    Legal Standard

An action filed in a state court may be removed to a federal district court only if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over cases involving a federal question – specifically, all civil actions "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The question whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint rule." *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (citations omitted). That is, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

There are two tests to determine whether a case "arises under" federal law. *See West 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.,* 815 F.2d 188, 192 (2d Cir. 1986). The first scenario in which federal question jurisdiction exists is when federal law creates the cause

2

of action. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983); *see also American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 (1916). In *Jung v. Wasserstein*, the Court provided the following description of this test:

> This test can best be understood as involving an inquiry into whether the right or remedy that plaintiff is asserting is strictly a function of substantive state law, that is, whether the underlying cause of action is created by state law. If this is the case, on looking at the elements of the state cause of action, none will explicitly require application of federal law, although collateral questions or interpretations implicating federal law may also be involved that could affect, even if not necessarily dispose of, the state law action. For example, if such a case were to go to a jury, the jury would be instructed only on the substantive content of state law that established the rights and remedies for liability upon which the action depends, as well as applicable defenses.

415 F. Supp. 2d 393, 396 (D.N.Y. 2006).

The second test to determine whether federal question jurisdiction exists is when "some substantial, disputed question of federal law is a necessary element" of a state law claim, and "thus an adjudication of the merits of the underlying dispute, and the existence, or not, of a right or remedy asserted, depends on the interpretation or application of federal law." *Jung*, 415 F. Supp. 2d at 396 (internal quotations and citations omitted). This test focuses on whether "the vindication of a right under state law *necessarily* turn[s] on some *construction* of federal law." *Franchise Tax Bd.*, 463 U.S. at 9 (emphasis added). Courts have referred to this second test as the "artful pleading doctrine", a legal drafting technique that is a "corollary to the well-pleaded complaint rule, [which] prevents a plaintiff from avoiding removal by framing in terms of state law a complaint the real nature of which is federal, regardless of plaintiff's characterization, or by omitting to plead necessary federal questions in a complaint." *Marcus v. AT&T Corp.,* 138 F.3d 46, 55 (2d Cir. 1998) (alteration, citation and internal quotation marks omitted).

After "examining only those allegations which are properly raised in a well-pleaded complaint, [a] court must then determine whether the substance of those allegations raises a

3

federal question." *West 14th St.,* 815 F.2d at 192. To determine when the federal element is deemed "sufficiently substantial", Courts "must look to the nature of the federal interest at stake." *Id.*, at 193 (citing *Merrell Dow,* 478 U.S. at 814 n.12). In addition, the Court must consider whether a question of federal law is a substantial and necessary element "with an eye to practicality and necessity." *Franchise Tax Bd.,* 463 U.S. at 20.

Here, the Complaint on its face does not include federal claims. Furthermore, the State Action does not arise under federal law as no federal law creates a cause of action in the Complaint, and no disputed, substantial question of federal law is a necessary element of Plaintiff's state law claims.

### B. Plaintiff's Motion to Remand Should Be Granted

#### i. Defendants' Improper Basis For Removal

Defendants' notice of removal asserts that the State Action is removable pursuant to 28 U.S.C. §§ 1331 and 1441 simply because the Complaint seeks contribution and indemnification on Merrill Lynch's behalf from Defendants for any liabilities the Company may incur as a result of the misconduct alleged in the Complaint. Notice of Removal at p. 4. Defendants claim that because such potential liabilities may arise from judgments entered against Defendants in the Federal Actions, "plaintiff's contribution and indemnification claim asserted is an issue of federal law." Notice of Removal at p. 5.

In support of their assertion that Plaintiff's claim is an issue of federal law, Defendants cite to the Supreme Court's holding that those charged with liability in a 10b-5 action have a federal right to contribution against other parties who have joint responsibility for the violation. Notice of Removal, p. 5; *Gross v. Weingarten*, 217 F.3d 208, 224 (4th Cir. 2000) (citing *Musick, Peeler & Garrett v. Employers Ins. of Wausau*, 508 U.S. 286, 298 (1993)). The issue of a

defendant's right to contribution from another party who has joint responsibility for a violation of federal law bears absolutely no relation to the issues pertinent to removal of the State Action.

In fact, *Weingarten* presents a set of facts that are entirely distinguishable from those here. No defendant in the instant action is asserting a federal right to contribution against other parties who have joint responsibility for the breaches of fiduciary duties and other violations of state law alleged in the Complaint. Rather, Plaintiff includes a claim for contribution and indemnification from Defendants for losses sustained by the Company as a result of breaches of fiduciary duty and related violations of New York state law, including costs of representations, investigation and other charges that have absolutely no bearing on the interpretation or application of federal securities laws. Moreover, even effects on damages relating to the contribution and indemnification claim in the State Action resulting from any judgments against Defendants in the Federal Actions do not require the state court to apply federal law.

### ii.    The State Action Does Not "Arise Under" Federal Law

Defendants' assertion that Plaintiff's contribution and indemnification claim in the Complaint is "an issue of federal law" mischaracterizes the removal statutes and disregards relevant and controlling authority. As shown above, an action is removable to federal district court only if the case arises under federal law. An application of the two criteria in determining whether an action "arises under" federal law shows that federal law does not create Plaintiff's causes of action, and that the vindication of Plaintiff's rights under state law does not require an application of federal law.

The Complaint asserts New York State law claims against Defendants for breach of fiduciary duty, gross mismanagement, contribution and indemnification, abuse of control, waste of corporate assets, and aiding and abetting breach of fiduciary duty. These claims are

5

traditional state causes of action, and the Complaint does not allege federal causes of action. *See Jung*, 415 F. Supp. 2d at 405. Therefore, federal law does not create Plaintiff's causes of action and does not preempt the state court's interest in the State Action in that regard. As such, in order to find that the State Action is properly removable to federal court, this Court must find that Plaintiff's claims "necessarily implicate federal law as an ***indispensable*** element upon which the action stands or falls." *Id.*

While any judgments against Defendants in the Federal Actions may affect damage calculations arising from Plaintiff's contribution and indemnification claim and related allegations, such effect does not necessarily implicate federal law as an indispensable element upon which Plaintiff's action is based. In ruling on Plaintiff's contribution and indemnification claim, the Supreme Court of the State of New York will not have to interpret or apply federal law or resolve a federal issue relating to Defendants' liability in the Federal Actions. Moreover, even if the Federal Actions' effect on damages in the State Action can be characterized as a federal issue, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow,* 478 U.S. at 813.

### iii. The State Action Should Be Remanded

Moreover, the fact that a plaintiff may have the right to bring forth an action in federal court does not automatically confer federal jurisdiction for removal purposes when the plaintiff chooses not to invoke that right. *Sung*, 415 F. Supp. 2d at 398. This Court has stated that "the existence of some federal private right of action that a particular plaintiff could claim is insufficient, without more, to confer federal question jurisdiction to justify removal of a state court lawsuit. In this Court's view, a significant, and perhaps controlling, consideration for that purpose is how central the issue of federal securities law is to resolving the [action]." *Id.*, at 399.

In fact, this Court has found that the presence of federal securities class actions and a company's potential liability in such actions is not a central issue in resolving a state action. This Court noted the following in remanding an action to state court when presented with a similar scenario of determining whether federal issues are implicated in a state court action involving allegations that defendants' misconduct subjected a company to federal securities class actions and liabilities arising from such actions:

> The [state] court will need to address federal issues in calculating damages, as [plaintiff] has alleged that Defendant's actions have subjected [the company] to federal securities class actions. However, it is not necessary for the [state] court to determine whether [the company] is liable on allegations made in the federal lawsuits. Instead, it would be more appropriate for the [state] court to stay any decision as to damages (assuming liability is established) until this Court determines the extent of any liability found in the federal actions.

*Id.*, at 406. This Court has also found that "assessing whether defendants committed fraud and negligent misrepresentation that happened to occur during a sale of securities does not implicate any federal law." *Finance & Trading, Ltd. v. Rhodia S.A.*, No. 04 Civ. 6083, 2004 U.S. Dist. LEXIS 24148, at *6 (S.D.N.Y. Nov. 30, 2004).

In addition, other relevant authority shows that other Courts have remanded cases to state court under similar factual circumstances. In *Gargiulo v. Decker*, plaintiff's complaint alleged, among other references to federal issues, that as a result of the defendant's actions the company in question was the subject of several class action lawsuits that allege violations of federal securities laws, thereby subjecting the company to liability. In remanding the case to state court, the district court found that none of these references was an essential element or "sole or predominant" reason for Plaintiff's claims, and that any damages related to liability allegations for federal class actions flowed not only from such actions but also from costs of internal

investigations and directly from the defendants' violations of their fiduciary duties. 2005 U.S. Dist. LEXIS 6002, at *8-12 (C.D. Cal. March 30, 2005).

In *Fathergill v. Rouleau*, plaintiff alleged state-law claims for, among others, breach of fiduciary duty, abuse of control, gross mismanagement and waste of corporate assets. Defendants removed the case to federal court contending that these claims were based on federal securities laws. In remanding the case to state court, the federal court held that the state law claims did not require resolution of a substantial question of federal law, that a federal right was not an essential element of plaintiff's state claims, and that the fact that conduct that violated federal law served as a basis for a state-law claim did not make a federal right an essential element of that claim. *See* No. 03-CV-0879-D, 2003 U.S. Dist. LEXIS 10654, at *3-5 (N.D. Tex. June 23, 2003).

Accordingly, the State Action does not include claims that are created by federal law, and interpretation of federal law is not a necessary and substantial element in resolving Plaintiff's state law claims. As such, the Court should grant Plaintiff's motion for remand.

### C. The Court Should Award Plaintiff Attorney's Fees and Costs Incurred as a Result of the Removal

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that an award of fees should turn on the "reasonableness of the removal", and provided the following rationale for awarding fees:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not

8

> undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140-141 (2005).

Here, Defendants lacked any rational basis for removing the State Action to federal court. Plaintiff's Complaint does not include any federal law claims on its face, and resolution of Plaintiff's state law claims does not require the state court to interpret or resolve important federal issues. Defendants' removal amounts to an attempt to consolidate all claims against Merrill Lynch in the forum most convenient for Defendants, and utterly disregards any evaluation of the propriety of the removal itself. The removal has delayed resolution of the State Action, has wasted judicial resources and has imposed additional costs on Plaintiff. Accordingly, Defendants' removal was not reasonable, the State Action should be remanded, and the Court should award reasonable attorney fees and costs to Plaintiff incurred as result of Defendants' removal of the State Action.

### III.     CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests this Court enter an Order granting Plaintiff's motion to remand, and awarding Plaintiff attorney fees and costs incurred as a result of Defendants' removal.

Dated: January 7, 2008                               By: /s/ Richard B. Brualdi
                                                     Richard Brualdi (RB-1304)
                                                     Gaitri Boodhoo (GB-0643)

                                                     **THE BRUALDI LAW FIRM, P.C.**
                                                     Richard Brualdi
                                                     29 Broadway, Suite 2400
                                                     New York, New York 10006
                                                     Tel: (212) 952-0602
                                                     Fax:  (212) 952-0608

                                                     **SAXENA WHITE P.A**
                                                     Maya Saxena
                                                     Joseph E. White III
                                                     Christopher S. Jones
                                                     2424 North Federal Highway
                                                     Suite 257
                                                     Boca Raton, FL 33431
                                                     Tel: 561.394.3399
                                                     Fax: 561.394.3082

                                                     *Attorneys for Plaintiff*