UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
OPERATIVE PLASTERERS & CEMENT
MASONS LOCAL 262 PENSION AND ANNUITY   :
FUNDS, Derivatively On Behalf of Nominal
Defendant MERRILL LYNCH & CO., INC.,   :

          Plaintiff,   :   07 CV 11085 (LBS)

          vs.   :

E. STANLEY O'NEAL, AHMASS L. FAKAHANY,   :
GREGORY J. FLEMING, JEFFREY N.
EDWARDS, CAROL T. CHRIST, ARMANDO D.   :
CODINA, VIRGIS W. COLBERT, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH   :
MAYHEW JONAS, JOSEPH W. PRUEHER, ANN
N. REESE, CHARLES O ROSOTTI,   :

          Defendants,   :

          and   :

MERRILL LYNCH & CO., INC.,   :

          Nominal Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW OF MERRILL LYNCH & CO., INC
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Jay B. Kasner
Scott D. Musoff
Joanne Gaboriault
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Merrill Lynch & Co., Inc.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

       A.     The Parties ................................................................................................................ 2

             1.     Plaintiff ......................................................................................................... 2

             2.     Defendants ................................................................................................... 2

       B.     The Allegations of the Complaint Necessarily Raise Issues of Federal Law .......... 3

ARGUMENT  PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED ........................ 6

I.     Removal Was Proper Because at Least One of the Claims Asserted Arises Under Federal Law .................................................................................................................... 6

       A.     Standards Governing Removal of a Purported State Law Claim ............................ 6

       B.     Plaintiff's Claim for Contribution and Indemnification Necessarily Raises Substantial Federal Issues ........................................................................................ 9

       C.     This Court May Entertain This Substantial Federal Issue "Without Disturbing Any Congressionally Approved Balance of Federal State Judicial Responsibilities" .................................................................................... 14

II.    Plaintiff's Request for Attorneys Fees Should Be Denied ................................................ 15

CONCLUSION ............................................................................................................................. 16

# TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE(S)**

Bockrath v. General Motors, No. 3:07CV00784, 2007 U.S. Dist. LEXIS 52612
  (N.D. Ohio July 20, 2007) ............................................................................... 9-10

Broder v. Cablevision Systems Corp., 418 F.3d 187 (2d Cir. 2005) ........................... 6, 7, 8

In re California Wholesale Electricity Antitrust Litigation, No. CV-06-954-RHW,
  2006 U.S. Dist. LEXIS 83541 (S.D. Cal. Nov. 2, 2006) ................................................ 8

Chirik v. TD Banknorth, N.A., No. 06-04866, 2008 U.S. Dist. LEXIS 3939
  (E.D. Pa. Jan. 15, 2008) .................................................................................................. 8

Christianson v. Colt Industrial Operating Corp., 486 U.S. 800 (1988) ............................ 10

D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93 (2d Cir. 2001) ....................... 11

Donovan v. Robbins, 752 F.2d 1170 (7th Cir. 1985) ......................................................... 11

Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005) ............................... 7

Fathergill ex rel. Michaels Stores, Inc. v. Rouleau, No. 3:03-CV-0879-D,
  2003 U.S. Dist. LEXIS 10654 (N.D. Tex. June 23, 2003) ........................................... 14

Finance and Trading, Ltd v. Rhodia S.A., No. 04 Civ. 6083,
  2004 U.S. Dist. LEXIS 24148 (S.D.N.Y. Nov. 29, 2004) ....................................... 14, 15

Fleming v. Lind-Waldock & Co., 922 F.2d 20 (1st Cir. 1990) .......................................... 11

Gargiulo v. Decker, No. SA CV 05-00103, 2005 U.S. Dist. LEXIS 6002
  (C.D. Cal. Mar. 30, 2005) ....................................................................................... 14, 15

Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,
  545 U.S. 308 (2005) ............................................................................... 1, 6, 7, 8, 14

Gross v. Weingarten, 217 F.3d 208 (4th Cir. 2000) ..................................................... 10, 15

Hayes v. American Airlines, Inc., No. 04-CV-3231, 2005 U.S. Dist. LEXIS 41992
  (E.D.N.Y. Sept. 27, 2005) .............................................................................................. 8

Langner v. Brown, 913 F. Supp. 260 (S.D.N.Y. 1996) ...................................................... 10

Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) .................................................... 15

In re Masters Mates & Pilots Pension Plan and IRAP Litigation, 957 F.2d 1020
  (2d Cir. 1992) ........................................................................................... 1, 10, 13, 15

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71 (2006) ..................... 11, 15

Musick, Peeler & Garrett v. Employers Insurance of Wausau, 508 U.S. 286 (1993) ............... 1, 10

Rose v. SLM Finance Corp., No. 3:05CV445, 2007 U.S. Dist. LEXIS 14646
    (D.N.C. Feb. 28, 2007) ............................................................................................................. 8

Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc., No. 06-43,
    2008 U.S. LEXIS 1091 (Jan. 15, 2008) ................................................................................. 12

Sung ex. rel. Lazard Ltd. v. Wasserstein, 415 F. Supp. 2d 393 (S.D.N.Y. 2006) ................. 13, 15

West Virginia ex rel. McGraw v. Eli Lilly & Co., 476 F. Supp. 2d 230 (E.D.N.Y. 2007) ............. 8

In re Zyprexa Products Liability Litigation, 375 F. Supp. 2d 170 (E.D.N.Y. 2005) ..................... 8

**STATUTES**

15 U.S.C. § 78aa ........................................................................................................................... 11

15 U.S.C. § 78u-4(f) .......................................................................................................... 1, 10, 12

28 U.S.C. § 1331 ................................................................................................................. 2, 6, 8, 14

29 U.S.C. § 1144(a) ...................................................................................................................... 11

Pub. L. No. 104-67, 109 Stat. 737 ................................................................................................ 12

H.R. Conf. Rep. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730 ................................ 12, 15

**OTHER AUTHORITIES**

Judge Amy J. St. Eve & Brice C. Pilz, The Fault Allocation Provisions of the Private
    Securities Litigation Reform Act of 1995 - A Roadmap for Litigants and Courts,
    3 N.Y.U. J. L. & Bus. 187 (Fall 2006) .................................................................................. 12

Marc I. Steinberg & Christopher D. Olive, Contribution and Proportionate Liability
    Under the Federal Securities Laws in Multidefendant Securities Litigation After
    the Private Securities Litigation Reform Act of 1995, 50 SMU L. Rev. 337 (1996-
    1997) ....................................................................................................................................... 12

Nominal Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") respectfully submits this Memorandum of Law in Opposition to Plaintiff Operative Plasterers & Cement Masons Local 262 Pension and Annuity Funds' ("plaintiff") motion to remand.[1]

## PRELIMINARY STATEMENT

Plaintiff's motion to remand should be denied because plaintiff's claims necessarily raise substantial questions of federal law. The third cause of action in plaintiff's complaint purports to seek contribution and indemnification on Merrill Lynch's behalf for amounts it pays as a result of claims asserted against Merrill Lynch under the federal securities laws and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). As discussed more fully below, such contribution and indemnity claims are governed exclusively by federal law; as such, plaintiff's right to relief necessarily depends upon the resolution of issues of federal law. See Musick, Peeler & Garrett v. Employers Ins. of Wausau, 508 U.S. 286, 297 (1993); 15 U.S.C. § 78u-4(f); see also In re Masters Mates & Pilots Pension Plan & IRAP Litig., 957 F.2d 1020, 1027 (2d Cir. 1992). Plaintiff cites no authority to the contrary – nor can it. This Court may entertain these issues without "disturbing any congressionally approved balance of federal and state judicial responsibilities," Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005), because Congress has expressed a strong (and exclusive federal) interest in the application of the federal laws in question. For these reasons, as set forth below, plaintiff's motion to remand should be denied.

---

[1] The other defendants consented to removal and join in this opposition to remand.

## BACKGROUND

This case, like the many others pending before this Court, arises out of Merrill Lynch's announcement on October 24, 2007, that its third quarter financial results included a write-down of $7.9 billion across collateralized debt obligations ("CDOs") and U.S. subprime mortgages. (Compl. ¶¶ 55-56.)[2] In the days and weeks following that announcement, 17 related actions were filed in this Court, including two derivative actions purportedly brought on Merrill Lynch's behalf. The instant derivative action, filed in the Supreme Court, New York County on November 21, 2007, was removed to this Court on December 7, 2007 pursuant to 28 U.S.C. §§ 1331 & 1441. All defendants consented to removal.

A.  **The Parties**

1.  <u>Plaintiff</u>

Plaintiff Operative Plasterers & Cement Masons Local 262 Pension and Annuity Funds alleges that it "is and at all relevant times was, a shareholder of nominal defendant Merrill Lynch." (Compl. ¶ 9.)

2.  <u>Defendants</u>

(a)  *Merrill Lynch & Co., Inc.*

Nominal defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") is a Delaware corporation headquartered in New York. Through various subsidiaries, Merrill Lynch provides wealth management, capital markets and advisory services. (Compl. ¶¶ 10, 36-37.)

(b)  *The Officer Defendants*

The complaint names as defendants four current or former officers of Merrill Lynch: E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards

---

[2] References to plaintiff's complaint are noted as "Compl. ¶ __."

(collectively, the "Officer Defendants"). (Compl. ¶¶ 11-15.) Mr. O'Neal was also Chairman of the Board of Directors beginning in 2003 until his retirement on October 30, 2007. (Id. ¶ 11.)

*(c)   The Director Defendants*

In addition to Mr. O'Neal, the complaint names as defendants nine outside, non-management directors: Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Joseph W. Prueher, Ann N. Reese and Charles O. Rossotti (collectively, the "Director Defendants"). (Compl. ¶¶ 16-25.)

**B.   The Allegations of the Complaint Necessarily Raise Issues of Federal Law**

Although prompted by Merrill Lynch's third quarter disclosure, plaintiff's complaint is based upon the same alleged conduct, over the preceding eight month period, that is at issue in the derivative, federal securities and ERISA actions already pending in this Court. (Compl. ¶ 1.) As in those cases, plaintiff here alleges, among other things, that each of the Officer Defendants and each of the Director Defendants "were involved in drafting, producing, reviewing, disseminating, approving, ratifying and/or recklessly permitting the dissemination of the false and misleading statements and information alleged herein. [Each] [was] aware or recklessly disregarded that false and misleading statements were being issued regarding the Company, and approved or ratified these statements." (Compl. ¶ 28.) Plaintiff alleges that the Officer Defendants and the Director Defendants "caused or allowed the Company to issue materially false and misleading statements [in its SEC filings and contemporaneous press releases], and omitted to disclose information necessary to make such statements not false and misleading." (Compl. ¶ 44; see also id. at ¶¶ 45-50.) The statements are alleged to have been "materially false and misleading because they failed to disclose and misrepresented . . . [t]hat the Company was more exposed to CDOs backed by high-risk subprime debt than it publicly disclosed; and . . . failed to inform the market of the extent of likely write downs in the

3

Company's CDO portfolio due to the deteriorating subprime mortgage market . . . ." (Compl. ¶ 51.) Similar allegations are advanced in the pending derivative, federal securities and ERISA actions in this Court.

Moreover, the resolution of plaintiff's claims is dependent on resolution of the securities and ERISA claims pending in this Court. According to plaintiff, "[a]s a result of Defendants' unlawful course of conduct and breaches of fiduciary duty, Merrill Lynch has sustained substantial economic losses, <u>is the subject of major securities fraud class action lawsuits</u> by defrauded investors, and has had its reputation in the business community and financial markets irreparably tarnished." (Compl. ¶ 78 (emphasis added).) Plaintiff's third cause of action "For Contribution and Indemnification (Against All Defendants)" incorporates by reference and realleges each of the allegations in the complaint (Compl. ¶ 89), and asserts that "<u>Merrill Lynch is alleged to be liable to various persons, entities and/or classes by virtue of the same facts or circumstances as are alleged herein</u> that give rise to Defendants' liability to Merrill Lynch." (Compl. ¶ 90 (emphasis added).) Likewise, the complaint alleges that "Merrill Lynch's alleged liability on account of the wrongful acts, practices and related misconduct described above arises in whole or in part, from the knowing, reckless, disloyal and/or bad faith acts or omissions of the Defendants as alleged above, and <u>Merrill Lynch is entitled to contribution and indemnification from each of the Defendants in connection with all such claims that have been, are or may be in the future asserted against Merrill Lynch</u> in the future." (Compl. ¶ 91 (emphasis added).)[3]

---

[3] Although plaintiff asserts in its Memorandum of Law in Support of Its Motion to Remand ("Pl. Mem.") that the claim for contribution and indemnification from the defendants is "for losses sustained by the Company as a result of breaches of fiduciary duty and related violations of New York state law, including costs of representations, investigation and other charges that have absolutely no bearing on the interpretation or application of the federal securities laws" (Pl. Mem. at 5), that is not a plausible reading of paragraphs 90-91 of the Complaint. See also Compl. ¶ 78 ("As a result of the Defendant' unlawful course of conduct and breaches
*(cont'd)*

4

As to plaintiff's claim for contribution and indemnity in particular, there can be no legitimate dispute that these claims necessarily depend on the resolution of claims and issues in the federal securities and ERISA actions in this Court. In fact, the <u>only</u> claims that had been asserted against Merrill Lynch arising out of the conduct alleged in plaintiff's complaint as of the time plaintiff's action was commenced are claims under the federal securities laws[4] and ERISA.[5] Apart from whether plaintiff's remaining claims – which are based almost exclusively on allegations that the officer and director defendants made false and misleading statements in SEC filings – arise under federal law, plaintiff's right to recover on its claim for Contribution and Indemnification (Compl. ¶¶ 89-91) depends entirely on findings of liability under federal law and findings by the federal trier of fact as to each defendant's proportional fault, as well as issues relating to contribution which are governed exclusively by federal law. Accordingly, as set forth in greater detail below, this action was properly removed.

---

*(cont'd from previous page)*
of fiduciary duty, Merrill Lynch . . . is the subject of major securities fraud class action lawsuits by defrauded investors . . . .").

[4] The federal securities claims are asserted in <u>Life Enrichment Foundation v. Merrill Lynch & Co.</u>, 07 CV 9633(LBS); <u>Kossef v. Merrill Lynch & Co.</u>, 07 CV 10984(LBS); <u>Garber v. Merrill Lynch & Co.</u>, 07 CV 11080(LBS); <u>Conn v. Merrill Lynch & Co.</u>, 07 CV 11626(LBS). A fifth putative securities class action that had been pending was voluntarily dismissed.

[5] The actions asserting ERISA claims against Merrill Lynch are: <u>Estey v. Merrill Lynch & Co.</u>, 07 CV 10268(LBS); <u>Gidaro v. Merrill Lynch & Co.</u>, 07 CV 10273(LBS); <u>Moore v. Merrill Lynch & Co.</u>, 07 CV 10398(LBS); <u>Yashgur v. Merrill Lynch & Co.</u>, 07 CV 10569(LBS); <u>Donlon v. Merrill Lynch & Co.</u>, 07 CV 10661(LBS); <u>Esposito v. Merrill Lynch & Co.</u>, 07 CV 10687(LBS); <u>Shaughnessey v. Merrill Lynch & Co.</u>, 07 CV 10710(LBS); <u>Boland v. Merrill Lynch & Co.</u>, 07 CV 11054(LBS); <u>Summers v. Merrill Lynch & Co.</u>, 07 CV 11615(LBS); <u>Eastman v. Merrill Lynch & Co.</u>, 08 CV 0058(LBS); <u>Pascullo v. Merrill Lynch & Co.</u>, 08 CV 1116.

## ARGUMENT

## PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED

I. **REMOVAL WAS PROPER BECAUSE AT LEAST ONE OF THE CLAIMS ASSERTED ARISES UNDER FEDERAL LAW**

   A. **Standards Governing Removal of a Purported State Law Claim**

   District courts have original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court's decision in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005) "establishes that the existence of 'a cause of action created by federal law' is not a necessary condition for federal-question jurisdiction under 28 U.S.C. § 1331 or removal jurisdiction under 28 U.S.C. § 1441(a)." Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir. 2005). Instead, "arising under" jurisdiction under the "artful pleading doctrine" embodies the "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., 545 U.S. at 312. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Id. at 313.

   However, "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." Id. at 314. For these reasons, the Supreme Court has not stated "a 'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Id. (citation omitted). Accordingly, the "test" for whether a state law claim "arises under" federal law is, "does a state-law claim

6

necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.

"A single claim over which federal-question jurisdiction exists is sufficient to allow removal." Broder, 418 F.3d at 194; see also Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 562-63 (2005) (explaining that "[o]nce the case [is] removed, the District Court ha[s] original jurisdiction over the federal-law claims and supplemental jurisdiction under [28 U.S.C.] § 1367(a) over the state-law claims").

As set forth in Grable, for a state law claim to "arise under" federal law, it must "necessarily raise a stated federal issue, actually disputed and substantial." 545 U.S. at 314. In Grable, the petitioner had brought a quiet title action in Michigan State court, asserting that respondent's title was invalid because the IRS, which had seized Grable's property and sold it to respondent, "failed to notify Grable of its seizure of the property in the exact manner required by [26 U.S.C.] § 6335(a)." Id. at 310-11. Respondent removed the action under federal question jurisdiction "because the claim of title depended on the interpretation of the notice statute in the federal tax law." Id. at 311. The Supreme Court (and both courts below) agreed: "Grable's state complaint must specify 'the facts establishing the superiority of [its] claim,' and Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law. Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim . . . ." Id. at 314-15 (citation omitted).

In Broder, the Second Circuit applied the Grable test, holding that plaintiff's state law claim arose under federal law because, among other things, plaintiff alleged that the defendant failed to provide cable subscribers "with the uniform rates required by 47 U.S.C. §

7

543(d)." Broder, 418 F.3d at 192. The Second Circuit held that the claims based on the cable provider's alleged violation of 47 U.S.C. § 543(d) "necessarily raise[d] [a] stated federal issue," id. at 195, and that it was "actually disputed and substantial," because the defendant maintained that its conduct did not violate the uniform rate requirement. Id. ("These federal issues are not clearly insubstantial, and Broder does not now contend that their merits would be easily resolved in his favor."); see also Hayes v. Am. Airlines, Inc., No. 04-CV-3231, 2005 U.S. Dist. LEXIS 41992, at *12 (E.D.N.Y. Sept. 27, 2005) (applying Grable and Broder to deny remand, holding that federal jurisdiction under 28 U.S.C. § 1331 existed as to claims based on American's alleged failure to refund surcharges required by the FAA to customers whose airline tickets had expired, unused: "once it is determined whether or not a refund of the surcharges is owed in the posited situation, the issue will be finally resolved"); W. Va. ex rel. McGraw v. Eli Lilly & Co., 476 F. Supp. 2d 230, 233 (E.D.N.Y. 2007) (holding that "[r]esolution of the question of the state's obligation to reimburse its insureds for Zyprexa, using funds largely provided by the federal government, is essential to the state's theory of damages and presents a substantial and disputed federal issue under Grable").[6]

---

[6] See also In re Zyprexa Prods. Liab. Litig., 375 F. Supp. 2d 170, 172-73 (E.D.N.Y. 2005) (suit by State of Louisiana to recover its own and federal funds in its Medicaid programs where drug was prescribed and used for "off-label" uses properly removed under federal question jurisdiction because "the substantial federal funding provisions involved and the allegations about the violation of federal law through improper off-label use present a ["federally oriented"] core of substantial issues . . . ."); Chirik v. TD Banknorth, N.A., No. 06-04866, 2008 U.S. Dist. LEXIS 3939, at *12-13 (E.D. Pa. Jan. 15, 2008) (federal jurisdiction existed as to declaratory judgment action seeking conversion of a savings account into a tax-qualified IRA nunc pro tunc, because plaintiff's action was "implicitly asking the Court (or a Pennsylvania state court) to declare that the IRS's procedures for giving retroactive effect to a rollover are not mandatory"); Rose v. SLM Fin. Corp., No. 3:05CV445, 2007 U.S. Dist. LEXIS 14646, at *10 (D.N.C. Feb. 28, 2007) (federal jurisdiction existed as to plaintiff's breach of contract claim, where plaintiff asserted that disclosures issued pursuant to the federal Truth in Lending Act and the Real Estate Settlement Procedures Act formed "some substantial part of the contract on which his state law claim is based"); In re Cal. Wholesale Elec. Antitrust Litig., No. CV-06-954-RHW, 2006 U.S. Dist. LEXIS 83541, at *2-3 (S.D. Cal. Nov. 2, 2006) (action brought by the State of California to enforce anti-fraud and consumer protection laws against energy trading company, alleging "unlawful, unfair, fraudulent and manipulative trading schemes to the detriment of the People of the State of California" arose under federal law because the "transaction[s] underlying the alleged fraudulent trading schemes occurred pursuant to the Federal Tariffs in the wholesale energy market). "The basis for the award of statutory damages . . . would be
*(cont'd)*

### B. Plaintiff's Claim for Contribution and Indemnification Necessarily Raises Substantial Federal Issues

Here, plaintiff's action was properly removed because plaintiff's third cause of action for "contribution and indemnification (against all defendants)" seeks to recover for Merrill Lynch's alleged "liab[ility] to various persons, entities and/or classes by virtue of the same facts or circumstances as are alleged herein that give rise to Defendants' liability to Merrill Lynch." (Compl. ¶ 90) The only claims that have been brought against Merrill Lynch based on the conduct alleged in plaintiff's complaint are claims for violations of the federal securities laws and ERISA – claims that are subject to exclusive federal jurisdiction. Indeed, the complaint expressly alleges that "[t]he Director Defendants are currently defendants in other securities class action lawsuits arising out of the wrongdoing alleged herein." (Compl. ¶ 70(e); see also id. ¶ 78.)

In its motion to remand, plaintiff asserts that its claim for contribution and indemnification from the Officer Defendants and Director Defendants does not arise under federal law because it seeks to recover "losses sustained by the Company as a result of breaches of fiduciary duty and related violations of New York state law." (Pl. Mem. at 5.)[7] This contention is demonstrably wrong. The complaint itself clearly states that plaintiff seeks contribution and indemnification for Merrill Lynch's alleged liability for claims "that have been, are or may in the future be asserted against Merrill Lynch by virtue of Defendants' misconduct." (Compl. ¶ 91.) The only such claims asserted when the complaint was filed and currently are those in the federal securities and ERISA actions. Compare, e.g., Bockrath v. Gen. Motors, No.

---

*(cont'd from previous page)*
violations of the obligations imposed by the Federal Tariff. . . . without them, the causes of action cannot be adjudicated." Id. at *6.

[7] Although irrelevant on this motion, plaintiff's assertion ignores that the fiduciary obligations of Merrill Lynch's directors are determined by the law of Merrill Lynch's state of incorporation – i.e., Delaware, not New York.
*(cont'd)*

3:07CV00784, 2007 U.S. Dist. LEXIS 52612, at *3-4 (N.D. Ohio July 20, 2007) ("Defendant's liability for breach of contract and conversion depends on whether the IRS's Notice of Levy gave the defendant the authority to garnish plaintiff's wages. Deciding this question requires me to interpret federal statutes and apply them to the facts of this case.").[8]

Plaintiff also completely ignores that this Court has original jurisdiction over its claims for contribution or indemnification under both the federal securities laws and ERISA because such claims are subject to exclusive federal jurisdiction. For instance, in Gross v. Weingarten, 217 F.3d 208 (4th Cir. 2000), the court observed that because allegations of violations of section 10(b) and Rule 10b-5 are subject to exclusive federal jurisdiction, a contribution claim based on such liability likewise is subject to exclusive federal jurisdiction. See id. at 224 (citing Musick, Peeler & Garrett v. Employers Ins. of Wausau, 508 U.S. 286 (1993)). The Fourth Circuit held in Gross, among other things, that the district court erred in dismissing on abstention grounds a contribution claim predicated on violations of the securities laws, because the contribution claim "is subject to exclusively federal jurisdiction." Id. at 223-24; see also Musick, Peeler & Garrett, 508 U.S. at 297 (defendants in a 10(b) action have a right to seek contribution as a matter of federal law); 15 U.S.C. § 78u-4(f) (PSLRA contribution provisions); Masters Mates, 957 F.2d at 1027 ("[W]e have held that a system of proportional fault is to be developed as part of the federal common law of ERISA and have specifically

---

*(cont'd from previous page)*
　　See, e.g., Langner v. Brown, 913 F. Supp. 260, 265 (S.D.N.Y. 1996) (Sand, J.) ("As FKL is a Delaware corporation, Delaware law governs the demand requirement.").

[8]　Regardless of any asserted state law claims for contribution and indemnification, the claims in the third count of the complaint for contribution and indemnification are predicated on violations of the federal securities laws and ERISA and are distinct claims which raise substantial federal issues. See Broder, 418 F.3d at 194 ("[W]hat a plaintiff presents as one 'count' may be understood to encompass more than one 'claim.'") (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988)). "The question is whether at least one federal aspect of [the] complaint is a logically separate claim, rather than merely a separate theory that is part of the same claim as a state-law theory." Id.

10

incorporated rights to indemnity and contribution into that body of law."); Fleming v. Lind-Waldock & Co., 922 F.2d 20, 27 (1st Cir. 1990) ("[A] right to contribution for liability arising from a violation of a federal statute is a matter of federal law."); Donovan v. Robbins, 752 F.2d 1170, 1179 (7th Cir. 1985) ("Where contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law.").

Plaintiff's contribution claim depends upon a finding of liability under federal law. The question of whether plaintiff, on behalf of Merrill Lynch, may prevail on its claims for contribution and indemnification from the Officer Defendants and/or the Director Defendants for Merrill Lynch's alleged liability for federal securities violations or ERISA violations (Compl. ¶¶ 89-91), requires that there actually be a finding of liability under the federal securities laws or ERISA. As claims under the Securities Exchange Act of 1934 and ERISA are subject to exclusive federal jurisdiction, see 15 U.S.C. § 78aa; 29 U.S.C. § 1144(a), the determinations of liability that are the necessary predicates for the contribution claims necessarily raise substantial questions of federal law which cannot be determined by the New York State court.

In addition to the foregoing considerations warranting denial of plaintiff's remand motion – i.e., that plaintiff's contribution claim is subject to exclusive federal jurisdiction and the resolution of its claim necessarily depends on questions of federal law – this Court should retain jurisdiction due to the substantial federal interest in regulating the securities markets. As the Supreme Court has reiterated, "[t]he magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 78 (2006); see also D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93, 100 (2d Cir. 2001) ("[T]he

11

interpretation and application of the federal securities laws . . . [are] areas of undisputed strong federal interest.").[9] Congress's codification in the Private Securities Litigation Reform Act of 1995 ("PSLRA"),[10] of special rules governing contribution claims for federal securities cases further evinces the strong federal interest surrounding the findings necessary and the corresponding degree to which a person may be held liable for contribution for securities law violations. See 15 U.S.C. § 78u-4(f). Among other things, the PSLRA implemented a comprehensive contribution regime including proportionate liability for "non-knowing" violations of the federal securities laws. See id.; see also Judge Amy J. St. Eve & Brice C. Pilz, The Fault Allocation Provisions of the Private Securities Litigation Reform Act of 1995 – A Roadmap for Litigants and Courts, 3 N.Y.U. J. L. & Bus. 187 (2006); Marc I. Steinberg & Christopher D. Olive, Contribution and Proportionate Liability Under the Federal Securities Laws in Multidefendant Securities Litigation After the Private Securities Litigation Reform Act of 1995, 50 SMU L. Rev. 337 (1996). As set forth in the Conference Report accompanying the PSLRA:

> One of the most manifestly unfair aspects of the current system of securities litigation is its imposition of liability on one party for injury actually caused by another. Under the current law, a single defendant who has been found to be 1% liable may be forced to pay 100% of damages in the case.

H.R. Conf. Rep. No. 104-369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 736-37 (noting that "[t]he current system of joint and several liability creates coercive pressure for entirely innocent parties to settle meritless claims rather than risk exposing themselves to liability for a

---

[9] The Supreme Court recently reiterated the strong federal interest in construction and application of the federal securities laws in Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc., No. 06-43, 2008 U.S. LEXIS 1091 (Jan. 15, 2008) (rejecting a so-called "scheme liability" under section 10(b) holding that liability under section 10(b) does not extend to secondary parties whose allegedly deceptive acts were not communicated to the investing public).

[10] Pub. L. No. 104-67, 109 Stat. 737 (codified in part at 15 U.S.C. §§ 77z-1, 78u-4).

grossly disproportionate share of the damages"). Accordingly, the PSLRA defines the circumstances under which a "covered person," see 15 U.S.C. § 78u-4(f)(10)(C), may be held jointly and severally liable for contribution, see 15 U.S.C. §§ 78u-4(f)(3) & (f)(10)(A), and, where such persons may not be held jointly a severally liable, a regime for the determination of each person's proportionate liability, see 15 U.S.C. § 78u-4(f)(3)(A).

Although not codified by Congress, as the Second Circuit has recognized, similar policy considerations have led to the creation of <u>federal</u> common law to govern contribution claims relating to ERISA actions. <u>See</u> <u>Masters Mates</u>, 957 F.2d at 1027. Plaintiff's attempt to litigate in state court, based on state law principles, contribution claims based on Merrill Lynch's alleged violations of the federal securities laws and ERISA threatens the comprehensive contribution scheme described above. The strong federal interest in avoiding that result further supports denying plaintiff's remand motion.

The cases upon which plaintiff relies in support of remand do not present any similarly strong federal interests, and none depended upon the resolution of federal claims in order to recover. The complaint in <u>Sung ex. rel. Lazard Ltd. v. Wasserstein</u>, 415 F. Supp. 2d 393 (S.D.N.Y. 2006), one of the principal cases relied upon by plaintiff, did not include a claim for contribution, <u>see</u> <u>id.</u> at 395, and the case articulates precisely why plaintiff's claim here arises under federal law:

> Even if a right or remedy plaintiff asserts is grounded on state law, if on close examination, that cause of action stands or falls on the application of some federal doctrine or law, there is federal question jurisdiction over the claim. Insofar as the cause of action is fundamentally dependent on federal law for its success, one can say that it fits the "arising under" test.

<u>Id.</u> at 405. (Pl. Mem. at 6-7.) Here, not only does the contribution claim require findings of liability under federal law, but the contribution claim itself is subject to exclusive federal jurisdiction.

None of the cases cited by plaintiff involves a claim for contribution against the officers and directors for liabilities incurred (or which will be incurred in the future) by the nominal defendant as a result of its officers and directors' conduct alleged to be in violation of federal law. See Fin. & Trading, Ltd v. Rhodia S.A., No. 04 Civ. 6083, 2004 U.S. Dist. LEXIS 24148, at *2 (S.D.N.Y. Nov. 29, 2004) (common law fraud and negligent misrepresentation) (Pl. Mem. at 7); see also Gargiulo v. Decker, No. SA CV 05-00103, 2005 U.S. Dist. LEXIS 6002, *4 (C.D. Cal. Mar. 30, 2005) ("seven causes of action") (Pl. Mem. at 7-8); Fathergill ex rel. Michaels Stores, Inc. v. Rouleau, No. 3:03-CV-0879-D, 2003 U.S. Dist. LEXIS 10654, at *2 & n.2 (N.D. Tex. June 23, 2003) (claims for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment) (Pl. Mem. at 8).

As Judge Mukasey explained in Finance & Trading, "[t]he primary test that this Circuit has used to determine the substantiality of the federal interest is whether 'the state action simply provides the vehicle for "the vindication of rights and . . . relationships created by federal law"' in which case removal is justified." Fin. & Trading, 2004 U.S. Dist. LEXIS 24148, at *19 (alteration in original; citations omitted). Thus, although plaintiff nowhere cites the Supreme Court's decision in Grable, nor the Second Circuit's application of the Grable test in Broder, these authorities confirm that plaintiff's contribution and indemnification claims "arise under" federal law (even as articulated in the cases upon which plaintiff relies).

    C.    **This Court May Entertain This Substantial Federal Issue "Without Disturbing Any Congressionally Approved Balance of Federal State Judicial Responsibilities"**

As the Supreme Court explained in Grable, "the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of [28 U.S.C.] § 1331." Grable & Sons Metal Prods., 545 U.S. at 313-14. Here, as set forth above,

14

any liability for which plaintiff seeks contribution will arise in connection with alleged violations of the securities laws and/or ERISA, and these are exclusively federal claims and issues. See Gross, 217 F.3d at 223-24; Masters Mates, 957 F.2d at 1027. As a result, requiring that plaintiff's claims be litigated in a federal forum is necessarily consistent with congressional judgment. This conclusion is reinforced by Congress having legislated to correct various perceived inequities with respect to contribution under the federal securities laws. Congress has indisputably shown a strong interest in such claims and could not have intended contribution claims for federal securities violations to be heard in the state courts. See, e.g., H.R. Conf. Rep. 104-369 at 37-39; see also Dabit, 547 U.S. at 78.

## II. PLAINTIFF'S REQUEST FOR ATTORNEYS FEES SHOULD BE DENIED

There is not any basis for the award of attorneys' fees, where, as here, the action was properly removed. Fees are available under 28 U.S.C. § 1447(c) only where the case is remanded, see id., and "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).[11]

---

[11] Indeed, fees were denied in several of the cases cited by plaintiff. See Gargiulo, 2005 U.S. Dist LEXIS 6002, at *14 ("Since Plaintiff's complaint makes references to federal securities laws, Defendants' position is not frivolous."); Sung, 415 F. Supp. 2d at 408-09 ("As other courts in this Circuit have found in grappling with whether there is federal question jurisdiction when no federal cause of action appears on the face of plaintiff's well-pleaded complaint, '[t]his area of the law is extremely complicated and the related jurisdictional issues are difficult to navigate.'" (quoting Fin. & Trading, 2004 U.S. Dist. LEXIS 24148, at *27)).

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion to remand should be denied.

Dated: New York, New York
February 8, 2008

_____
Jay B. Kasner
Scott D. Musoff
Joanne Gaboriault
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel: 212-735-3000
Fax: 212-735-2000

Attorneys for Merrill Lynch & Co., Inc.